Carroll, }
May 4, 1915. }

JOSEPHINE R. BROOKS *v.* WILLIAM E. BROOKS.

Section 2, chapter 104, Laws of 1911, does not empower the superior court to appoint a guardian of a minor upon an original petition, but prevents section 1 of the act being so construed as to take from any court of competent jurisdiction authority to appoint guardians of minors whose parents are living.

LIBEL FOR DIVORCE. Trial at the May term, 1914, of the superior court before *Sawyer*, J., who found that the plaintiff's charges were not sustained and dismissed the libel. Subsequently, a motion filed by the plaintiff in the superior court during the pendency of the libel, requesting the appointment of a guardian for her minor child, was dismissed by *Pike*, C. J. To the foregoing finding and rulings the plaintiff excepted.

*Marion W. Cottle* (by brief and orally), for the plaintiff.

*Walter D. H. Hill*, for the defendant.

YOUNG, J. The plaintiff failed to produce evidence to satisfy the court of the justness of her cause of action; and as it cannot be said

that the court erred in coming to this conclusion, she takes nothing by her first exception.

The plaintiff concedes that section 13, chapter 175, of the Public Statutes, has no application, but contends that section 2, chapter 104, Laws of 1911, authorizes the appointment of a guardian. Section 2 provides, in substance, that nothing contained in section 1 shall prevent any court of competent jurisdiction from appointing a guardian of the person of a minor. It is therefore the office of section 2 to prevent section 1 being so construed as to take from the court jurisdiction to appoint guardians of minors whose parents are living, and not to confer such jurisdiction. The probate court is specially authorized to appoint guardians of minors. P. S., c. 178, s. 1.

*Exceptions overruled.*

All concurred.