Carroll,
Jan. 6, 1948. } No. 3708.

PETITION OF OLIVER WOLCOTT & a.

*J. Vincent Broderick* and *Morse & Grant (Thomas L. Marble* of counsel), for the petitioners.

*John J. Broderick*, guardian *ad litem*, filed no brief.

DUNCAN, J. Although not expressly stated, the testator's purpose that during her life, his wife should have the beneficial use of his entire estate, except for $10,000 bequeathed to his sons, is readily apparent. Apart from these legatees, the only others who might share in the estate are designated not by name, but as members of a class, or as heirs or next of kin, and would take only in the event that the widow survived one or both of the sons. The residue, at the widow's death, is to be distributed among the testator's "then living issue in equal shares by right of representation," a phrase plainly descriptive of the testator's lineal descendants. *Kimball* v. *Penhallow*, 60 N. H. 448. See, R. L., *c. 7, s.* 20. The widow's death before that of her sons would result in a division between them. The only other living issue, whose interest is purely contingent, is the grandson petitioner.

Despite broad discretionary powers conferred upon the trustees, the will contains no provision for the use of principal for the benefit of the widow. On the other hand, such use is not specifically forbidden. It may fairly be assumed that the beneficiary's need of the principal was not anticipated because of a failure to foresee changes

which have occurred since the testator's death, including shrinkage in investment returns, decline in purchasing power, and the expense occasioned by the widow's extreme infirmity. The powers conferred upon the trustees as to investments and the allocation of receipts to income are indicative of a purpose to provide the widow with a liberal income, unrestricted by technical rules. No purpose to transmit any specific residuary amount to the sons or to any other issue is disclosed. Fairly construed, the will evidences as its primary purpose "ample and certain provision" for the testator's wife. Cf. *Smith* v. *Fellows*, 131 Mass. 20, 22; *Trust Co.* v. *Glunz*, 119 N. J. Eq. 73, 77.

What is sought by the petition is not construction of any particular provision of the will, but rather authority to deviate from the provisions by which principal would be retained intact during the widow's lifetime. No reliance is placed by the trustees upon their general power "to do all things in relation to the trust which the testator could have done if living." The power is at best obscure in meaning, and if construed independently of other provisions, would have doubtful validity. *Clark* v. *Campbell*, 82 N. H. 281. Because of the emergency confronting the life beneficiary, the trustees seek authority to do what the testator presumably would have authorized had he foreseen the emergency.

Where a remainder succeeding a life estate may ultimately vest in persons as yet undetermined and perhaps unborn, courts of equity have at times hesitated or refused to sanction an invasion of principal for the benefit of the life tenant. See Annotations, 39 A. L. R. 40; 46 L. R. A. (N. S.) 43, and cases cited. In one view, permission is sought to appropriate to the use of one beneficiary, the property of others without the consent of all. See, *In re Van Deusen*, (Cal.), 182 Pac. (2d) 565; *Marshall* v. *Holloway*, 2 Swanst. 432; *Errat* v. *Barlow*, 14 Ves. Jr. 202. But this view, in our opinion, may be deemed applicable only to the extent that the testator's disclosed intention affords it a foundation. Strictly applied, it may prevent accomplishment of the testator's primary purpose. As is said in 2 Scott, Trusts, *s.* 168, *p.* 855: "As a matter of strict logic it may be necessary to permit a child to suffer in order to protect the possible children which he may ultimately have, but it is difficult to believe that the settlor would ever desire such a result." Where the testator's desire may be gathered from the will, "strict logic" need not be controlling.

Traditionally, the courts of this jurisdiction have shown a signal regard for the intent of the testator (See *Clark* v. *Campbell*, *supra*), at times at the expense of other recognized principles deemed less

cogent in their application. Cf. *Edgerly* v. *Barker*, 66 N. H. 434. In order to prevent impairment of a testator's primary purpose, authority to deviate from the express terms of a gift has been granted in cases of emergency unforeseen by him, even though contingent remainder interests were incidentally affected.

In *Brown* v. *Berry*, 71 N. H. 241, trustees under a will sought advice as to whether, when income proved insufficient, principal might be used for the support of the testator's children, and the support and education of his grandchildren. The will directed payment "out of the net income" of sums sufficient for the purposes named, and bequeathed the residue to the grandchildren when the youngest should reach a specified age. In advising the trustees that principal might be used, this court said, "the reading of the testator's will . . . leaves no room for doubt that his primary and controlling purpose was to provide for the proper and reasonable support of his children and grandchildren . . . . For these objects he designated the net income of his large estate as the source of payment, and doubtless supposed (as he reasonably might) that it would be amply sufficient . . . . That this purpose cannot be executed in the particular manner he intended affords no valid reason why it should not be executed at all." In *McGill* v. *Young*, 75 N. H. 133, the use of principal for the support of the testator's son was authorized, although the will directed the trustee "to pay out of and from said net income" the money necessary for his support. (72 N. H. 203). The court considered it "highly improbable it was intended to limit the trustee to that fund if at any time the income should be insufficient for the purpose . . . ."

In the will before us, the testator's purpose to furnish reasonable support for his wife is not expressed in words, but it is nevertheless implicit in the disposition made of his estate. His direction that his wife should have the income was a means of executing his purpose, and is "properly to be read as subordinate to [his] paramount intention." *In re Walker*, (1901) 1 Ch. 879, 885. His intent to provide reasonable support to the widow being evident from the will, those whose interests are secondary to hers take subject to the execution of that intent. The remaindermen are deprived of no rights so long as rights which the life tenant was intended to have are not exceeded.

Because of circumstances not provided for by the will and obviously not anticipated by the testator, an emergency threatens accomplishment of his purpose by the means which he provided. Those whose interests are most immediate consent to the authorization sought by the trustees, and there is no objection by the guardian *ad litem*.

If the consent or acquiescence of the parties is not binding upon unborn contingent remaindermen, still they are sufficiently represented by those having like interests to be bound by a decree. 3 Simes, Future Interests, *s.* 676; 33 Am. Jur. 650, *ss.* 182, 183. Cf. *Longworth* v. *Duff*, 297 Ill. 479. In this situation a court of equity need not hesitate to exercise its undoubted power to permit a deviation from the literal provisions of the will. A means of accomplishing the testator's purpose is thereby furnished, which it may reasonably be inferred that he himself would have provided, had he been able to foresee the exigency. *Trust Co.* v. *Glunz, supra; Pennington* v. *Metropolitan Museum of Art*, 65 N. J. Eq. 11; *Curtiss* v. *Brown*, 29 Ill. 201. Cf. *Citizen's Nat'l Bank* v. *Morgan*, 94 N. H. 284, and cases cited. This conclusion is in harmony with our own decisions and not without support in other authorities. *Longwith* v. *Riggs*, 123 Ill. 258; *McAfee* v. *Thomas*, 121 Ore. 351.

The trustees are advised that principal not in excess of $4,000 a year may be used to supplement the income of the trust, for the purpose of providing the widow with reasonable support, if the trial court shall find in accordance with the uncontroverted allegations of the petition, and it shall appear that the widow has no other income. In view of the discretion vested in the trustees by the testator, there is no reason why they may not safely be left to determine the amount of principal necessary within the limit specified, due regard being given to considerations of what is prudent and reasonable, and best calculated to accomplish the testator's purposes as a whole. *Woodward* v. *Jolbert*, 94 N. H. 324.

If the requisite findings are made, a decree in accordance with this opinion may be entered by the Superior Court.

*Case discharged.*

All concurred.