Cheshire,
No. 5469.

### In re Charlene Sabolevski.

Argued May 3, 1966.
Decided June 30, 1966.

*Howard B. Lane* ( by brief and orally ), for the plaintiffs.

BLANDIN, J. The minor child Charlene Sabolevski was injured in an automobile accident, and upon a trial she received a verdict in excess of $50,000. After the payment of all expenses, as shown by an account rendered and approved by the Superior Court under RSA 462:2 ( supp ), she now has approximately $30,000 remaining.

The injury left Charlene crippled in mind and body. Fortunately, she has so improved that, with care, it appears that she may hope for a complete recovery. Meanwhile, it is anticipated that she will be placed in a school of the Kurn Hattin type, which is located in Saxton's River, Vermont, but will spend vacations and perhaps other periods with her family.

The record indicates clearly that there is need of a guardian who is not a member of the family, and no question is raised as to the suitability of Howard B. Lane to act as guardian. The sole reason for the denial of the petition, as stated by the judge of probate, was the proposed guardian's insistence that the Court approve in advance of any accounting an arrangement whereby the guardian would pay a sum not to exceed $15 weekly to the child's father for her support while she remained with the family.

It is elementary that the probate court has original jurisdiction over the appointment of a guardian in such situations as are here present. *Rockwell* v. *Dow*, 85 N. H. 58; *Phillips Exeter Academy* v. *Gleason*, 102 N. H. 369. It is also firmly established that in such procedures the Court has wide discretion, which will not be disturbed except upon a clear showing that this discretion has been abused. *Leclerc* v. *Leclerc*, 85 N. H. 121; 25 Am. Jur., Guardian and Ward, *s.* 26. In making its decision, the probate court may inquire and receive "evidence in full measure and as widely as in a proceeding in equity. . . . " *Brown* v. *Jewell*, 86 N. H. 190, 191. Pursuant to this principle, the Court having appointed a guardian ad litem ( *Hollis* v. *Tilton*, 90 N. H. 119; see 6 N. H. B. J. 99-100; 3 N. H. B. J. 10 ), received this guardian's report.

After observing that the appointment of a guardian of the minor would not of itself relieve the parents of an obligation to support the child ( RSA 463:12; *Lessard* v. *Company*, 83 N. H. 576 ), the report continued as follows: " The guardian ad litem is also aware of the fact this is a destitute family, that it received aid from the Welfare Department, from the Salvation Army, etc. but also is of the opinion that the money of Charlene Sabolevski should not be used to support the father and mother of the child or the rest of the family where the primary obligation is for the father to support said minor child.

" The primary concern of the guardian ad litem, guardian and the Probate Court, I believe, is the ward, Charlene Sabolevski, and if there is some way that the guardian can provide for the betterment and for the benefit of the ward without giving $15.00 outright to the father of the child weekly, it should be utilized. The guardian ad litem is of the opinion that if the guardian paid $15.00 per week to the father of the ward for the support of the ward that very little of that amount would actually go for the support of the ward.

" In conclusion, the guardian ad litem has no objection to the granting of a petition for a guardian nor has he any objection in the event the child is placed in some suitable home for its betterment, but objects for the reasons stated above and as being contrary to law on the payment of $15.00 per week to the father for the support of the minor ward. Further, the guardian ad litem is confident that in the event the ward is in need of necessities, either as clothing, nourishment, etc., that the guardian would provide these necessities. "

Upon all the facts, including this report, we cannot say as a matter of law that the Court abused its discretion in denying the plaintiffs' petition. In a situation where innumerable and unforeseeable circumstances might arise in the future, the Court could conclude that it would not be in Charlene's best interest to approve the guardian's action in making weekly payments to her father *in futuro*. In such cases as the present, it is always for the guardian " to establish the merits of the account. " *Hollis* v. *Tilton*, 90 N. H. 119, 121. The merits of a future account cannot be determined upon facts which presently are neither known nor can be known. It follows that the Court's denial of the petition as presented is sustainable, and the plaintiffs' exceptions are overruled. While it is true that the proposed guardian, in stating

honestly what he intended to do, has acted with commendable candor, yet his attempt to bind the Court's future conduct cannot properly be upheld.

There are, however, further practical matters to be considered. Granting that the parents are not relieved of the legal duty to support Charlene ( RSA 463:12; *Lessard* v. *Company*, 83 N. H. 576 ), the record indicates the stark fact that they are and probably will continue to be totally unable to do so. It is likely that on occasion her welfare might best be served by being with them. If this should turn out to be so, we believe the letter of the law demanding that they support her, especially where any attempt to apply it would be a complete futility, should not control the situation. The touchstone of our policy is the welfare of the child ( *Lessard* v. *Company*, *supra*, 580 - 581 ), and if this is best served at times by placing the minor in his or her natural home with parents, brothers and sisters, this should be done.

In the light of future developments, if the guardian, acting prudently with a watchful eye over the conduct of the parents and with Charlene's interest foremost in his mind, should find that her welfare would be best served by reasonable payments to the parents while she stays with them, such payments would presumably be allowed in his account. *Hollis* v. *Tilton*, 90 N. H. 119, 124; see *Indian Head Nat. Bank* v. *Theriault*, 97 N. H. 212, 214.

The record disclosed that the appointment of Howard B. Lane as guardian would have been satisfactory to the Court had it not been asked in advance of an accounting to approve payments by the guardian to the ward's father. In this situation, should the petition be amended to omit the offending request, it appears that it would be granted. If this is not done, as previously stated, the Court's denial must be sustained.

The order is

*Petition dismissed nisi.*

All concurred.