Hillsborough Probate Court,
No. 6223.

### IN RE JOSEPHINE McQUESTEN MORRIS.

July 29, 1971.

*Hamblett, Kerrigan, LaTourette & Lopez* and *Mr. Robert B. Field, Jr.,* for the plaintiffs.

*Harrison E. Smith,* guardian ad litem, pro se.

KENISON, C.J. The sole question presented in this case is whether a probate court of this State has the power to authorize the guardian of an incompetent to make gifts to the children of the incompetent from the principal of her estate for the primary purpose of avoiding unnecessary estate taxes, reserving sufficient funds for the maximum foreseeable needs of the ward. The question has not been decided in this State.

Robert Morris and Anna M. Dox, guardians of Josephine Morris, filed a petition in probate court seeking authority to make gifts from the principal of the estate of Josephine Morris to each of her four children. The facts, which are not disputed, as they appear from the petition and a report of the guardian ad litem, are as follows: The ward is eighty years old and is currently confined to the Eagle Convalescent Home. There is no probability that she will regain her competence. Her present estate has a value in excess of $160,000, and yields an income of approximately $7,000 per year, an amount roughly equivalent to her annual needs. The guardians seek authority to make gifts from her estate totalling $42,000 in four equal amounts of $10,500 to the ward's four children. They have determined that since these gifts would be tax free they would result in a tax savings to the estate of $10,000 to $11,000. The remainder of the estate, approximately $120,000

would be ample to care for the maximum foreseeable needs of the ward. There is no evidence that a will has ever been executed by the ward. The four children of the ward and her husband all support the guardians' proposals. A special guardian ad litem also advocates the proposed gifts and states that " The prudent use of the ward's estate dictates that the guardians be authorized to make the gifts outlined in the petition. " The Probate Court ( Copadis, J. ) transferred without ruling or finding of facts the questions of law raised by the petition pursuant to the provisions of RSA 547:30.

The problems involved in the making of gifts from the estates of incompetents have long attracted the attention of the courts and commentators. Ex parte Whitbread, 2 Mer. 99, 35 Eng. Reprint 878 ( 1816 ); Thompson & Hale, The Surplus of Income of A Lunatic, 8 Harv. L. Rev. 472 ( 1895 ); Carrington, The Application of Lunatics' Estates for the Benefit of Dependent Relatives, 2 Va. L. Rev. 204 ( 1914 ); Comment, 17 Cal. L. Rev. 175 ( 1929 ). Recent cases show that the problem is a continuing one. E.g., In re duPont, 41 Del. Ch. 300, 194 A.2d 309 ( 1963 ); Estate of Christiansen, 248 Cal. App. 2d 398, 56 Cal. Rptr. 505 ( 1967 ); Strange v. Powers, 1970 Mass. A.S. 1233, 260 N.E.2d 704 ( 1970 ); Comment, The Application of the Substitution of Judgment Doctrine In Planning an Incompetent's Estate, 16 Vill. L. Rev. 132 ( 1970 ).

RSA 462:4 provides the following duties of guardians: " Duties. He shall take care of the person and estate of his ward; improve his estate frugally and without waste, and apply the annual profits and income thereof for the comfortable maintenance and support of his ward, and his household and family, if any he have; shall collect his dues, pay his just debts out of his property in the most economical manner and protect his rights. " ( Emphasis added ).

The fountainhead of modern law on this subject is the English case of Ex parte Whitbread, 2 Mer. 99, 35 Eng. Reprint 878 ( 1816 ), in which Lord Elden authorized payment from a ward's estate for the benefit of his siblings who were in need. The applicable statute provided only that the incompetent and his household should " live and be maintained " with the profits of the estate. De Praerogative Regis, 17 Edw. 2 ( 1326 ); In re duPont, 41 Del. Ch. 300, 194 A.2d 309, 314 ( 1963 ). However, Lord Eldon was quite explicit in stating that the power to make dispositions from the estate did not rest on the need of the recipients.

English cases have followed and indeed expanded the reasoning. *In re duPont*, 41 Del. Ch. 300, 194 A.2d 309, 314 ( 1963 ). Not all American jurisdictions have adopted this view. Annot., 24 A.L.R.3d 863, at s. 16 ( 1969 ). However, the modern trend, both in England and in the United States has been to permit guardians to make gifts from the estate of an incompetent which are consistent with sound and prudent estate planning and which are in no way inconsistent with the needs of the incompetent. *In re duPont*, 41 Del. Ch. 300, 194 A.2d 309 ( 1963 ); *see In re Brice's Guardianship*, 233 Ia. 183, 8 N.W.2d 576 ( 1943 ); *In re Buckley's Estate*, 330 Mich. 102, 47 N.W.2d 33 ( 1951 ); Uniform Probate Code s. 5-408 ( 3 ) ( 1969 ); Note, 52 Cal. L. Rev. 192 ( 1964 ).

The most recent case is *Strange* v. *Powers*, 1970 Mass. A.S. 1233, 260 N.E.2d 704 ( 1970 ). It involved a petition for distribution of a single gift of $30,000, and gifts of $3000 annually pursuant to a Massachusetts statute authorizing gifts to " charities, relatives and friends as would be likely recipients of donations from the ward. " The guardian ad litem attacked the proposed gift and the statute as unconstitutional. The supreme judicial court, in authorizing the gifts, stated, " There is no reason why an individual, simply because he happens to be a ward, should be deprived of the privilege of making an intelligent commonsense decision in the area of estate planning, and in that way forced into favoring the taxing authorities over the best interest of his estate. " 260 N.E.2d at 709.

*Estate of Christiansen*, 248 Cal. App. 2d 398, 56 Cal. Rptr. 505 ( 1967 ) is important among recent cases and involved a statute very similar in its wording to RSA 462:4. Like the statute of this State, it provided that every guardian should manage the estate " frugally and without waste, and apply the income, as far as necessary, to the comfortable and suitable support, maintenance and education of the ward and his family . . . . " Probate Code *s.* 1502 ( Deering 1959 ). The court there held that " These sections set forth the state's solicitude for the needs of the ward and his family which, in any event, must be satisfied before the doctrine of substituted judgment can be applied. They do not purport to define what should be done with excess income, or principal in excess of that necessary to produce the income necessary for these basic needs. " 248 Cal. App. 2d at 411. After analysis of numerous authorities, the court concluded, " the commentators are practically all in agreement that, as suggested 70 years ago . . . the guardian should be authorized to act as a

reasonable and prudent man would act under the same circumstances, unless there is evidence of any settled intention of the incompetent, formed while sane, to the contrary. " " To refuse to permit the management of the incompetent's estate in the manner that a reasonable and prudent man would manage his estate may, in many cases, lead to the improbable conclusion that it was the intent of the incompetent to enrich the taxing authorities rather than the natural or declared objects of his bounty. " *Id.* at 422-23. The court went on to note, as did the court in *Strange* v. *Powers*, that probate courts are particularly equipped by experience and competence to handle the types of questions posed by petitions to make gifts from the estates of incompetents. *Estate of Christiansen*, 248 Cal. App. 2d at 423; *Strange* v. *Powers*, 260 N.E.2d at 711; *see* 1 Casner, Estate Planning 192, Note 86a in 1970 Supp.; Note, 78 Harv. L. Rev. 1483, 1487 ( 1965 ); 43 N.C.L. Rev. 616 ( 1965 ).

We agree with the reasoning of this case. We think that the portion of RSA 492:4 imposing a duty on the guardian to devote the estate's income to maintenance of the ward and his family does not prohibit him from making other prudent and sound expenditures. On the contrary, the portion of the statute directing him to improve the estate "frugally and without waste" implies the power to make gifts which will prevent waste of the estate's assets. *See Amoskeag Trust Co.* v. *Haskell*, 96 N.H. 89, 96, 70 A.2d 210, 216 ( 1950 ); *In re Sabolevski*, 107 N.H. 256, 220 A.2d 745 ( 1966 ); *Petition of Wolcott*, 95 N.H. 23, 56 A.2d 641 ( 1948 ).

While we conclude that the probate court has the power to authorize gifts from the estate of a ward, we express no opinion on the merits of the petition to make the specific gifts in this case. Such a determination can only be made after notice and a full hearing and a proper determination of facts.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.