Hillsborough
No. 79-456

## CARL E. WONSER

### v.

## SUELLA M. WONSER

June 12, 1980

*Woodbury & Rowe*, of Nashua, by brief for the plaintiff.

*Suella M. Wonser*, by brief, pro se.

PER CURIAM. The issue in this divorce case is whether the trial court abused its discretion by granting custody of the parties' adopted minor children to the defendant. We hold that it did not.

The parties were married in December 1972. They adopted two children, a girl now age 7 and a boy now age 5. In 1977 the plaintiff filed a libel for divorce on the ground of irreconcilable differences. After a hearing before a Master (*Peter J. Bourque*, Esq.), custody of the children was awarded to the defendant by *Loughlin*, J. on the master's recommendation. The plaintiff's exceptions were transferred by *Randall*, J.

The plaintiff argues that because he was found to be a fit and suitable parent at the time the children were adopted and so remains, legal custody should not be taken from him and given to the defendant exclusively. He agrees that physical custody should remain with the defendant. He contends, however, that legal custody is a "fundamental human right" and that due process precludes legal custody being taken from him without a showing of unfitness. U.S. CONST. Amend. XIV; N.H. CONST. pt. 1, art. 2; *State v. Robert H.*, 118 N.H. 713, 393 A.2d 1387 (1978). He seeks joint custody with the defendant.

This court is familiar with the concept of joint custody. *Starkeson v. Starkeson*, 119 N.H. 78, 81-5, 397 A.2d 1043, 1045-8 (1979) (*Douglas*, J. dissenting). We adhere to our decision in that case not to erect a presumption favoring joint custody. There may be times when joint custody would be desirable but there will be other times when, despite the fitness of each parent, a division of authority would not be in the best interest of the children, the paramount concern. *Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978).

The fact that married parents manage with joint custody does not mean that upon separation joint custody is desirable in all cases. Here the defendant testified that she and the plaintiff have not "gotten along well since he left. There's been a lot of dissension between us . . . ." There is other testimony in the record which furnishes sufficient justification for not granting joint custody and

438

supports the award of legal custody to the parent having the physical custody.

■ We repeat what was said in *Starkeson v. Starkeson supra*, that we do not oppose joint custody. Rather, it remains a legally viable alternative when the trial court, in the exercise of its discretion, deems it to be in the best interest of the child. We cannot say, however, that it is compelled in the case now before us.

Nor do we find any indication that the master or trial court ignored or violated RSA 458:16 and :17 (Supp. 1979) by giving preference to either party because of the parent's sex. That being so, the trial court's decision is affirmed.

*Exceptions overruled.*