Strafford
No. 82-182

STANLEY D.

v.

DEBORAH D.

October 28, 1983

*Cooper, Hall, Whittum & Shillaber*, of Rochester (*Donald F. Whittum* on the brief), by brief for the plaintiff.

*Deborah D.*, by brief, pro se.

BATCHELDER, J. This appeal presents the question whether, in a divorce proceeding, the superior court has the power and authority to award joint legal custody of a minor child to her natural mother and her stepfather, and physical custody to the stepfather. We hold that it does.

On August 17, 1974, the parties were married in Milton Mills, New Hampshire. At that time, Mrs. D., the defendant, had a child, Sarah, who had been born approximately one year previously. Sarah's natural father is known. Mr. D., the plaintiff, is Sarah's stepfather; he has taken no steps to adopt her. The parties have one child of their marriage, Jacob, who was born in August 1975. On March 24, 1981, Mr. D. filed a libel for divorce, in which he requested custody of both Sarah and Jacob. After a hearing on the merits, the Master (*Stephanie Nute*, Esq.) recommended that the divorce be granted, and that custody of Sarah be awarded to Mrs. D. and custody of Jacob be awarded to Mr. D.

Although the master found that Mr. D. had provided a more stable, secure and beneficial home for the children, she felt constrained to award custody of Sarah to Mrs. D. because Mr. D. was not Sar-

ah's natural or adoptive father. On January 8, 1982, the Superior Court (*Temple,* J.) approved the master's recommendation. Both parties filed motions for reconsideration, which were granted. After a rehearing, the master ruled that she could, in accordance with New Hampshire law, award custody of Sarah to Mr. D. Therefore, based on a determination of the best interests of the children, the master recommended that legal custody of Sarah and Jacob be awarded jointly to both parties but that physical custody of both children be awarded to Mr. D., and the superior court so decreed. The defendant appealed, and a stay of execution of the decree was granted by this court.

■■ The initial inquiry concerns the authority of the court to award custody of Sarah to her stepfather. DOUGLAS, 3 N.H. PRACTICE, FAMILY LAW § 253 (1982). As we have held many times, the power of the superior court to award custody is wholly statutory. *Stetson v. Stetson,* 103 N.H. 290, 291, 171 A.2d 28, 29 (1961). The power in the present case is granted by RSA 458:17 (Supp. 1981):

> "Support and Custody of Children.
> I. In all cases where there shall be decree of divorce or nullity, the court shall make such further decree in relation to the support, education and custody of the children as shall be most conducive to their benefit, and may order a reasonable provision for their support and education."

The defendant argues that this provision does not confer on the court jurisdiction to make a custody determination regarding a child who is neither the natural nor the adoptive child of both parties to the divorce. We disagree.

In this divorce proceeding, the superior court was faced not only with the ending of a marriage, but also with the dissolution of a family. Because the transcript of the hearing was not submitted to this court, the facts before us are sketchy. However, on the basis of the notice of appeal, exhibits and briefs, we may conclude that a family unit was created during the marriage of the parties.

The parties were married approximately one year after Sarah's birth and, according to the guardian ad litem's report, they were living together before the marriage. Mr. D. is the only father that Sarah has known. She is apparently unaware that he is not her natural father. One can perceive that Mr. D. has treated Sarah at all times as if she were his child; he has loved and supported her and has formed a psychological parent-child relationship with her. Additionally, Sarah and Jacob have been raised as brother and sister.

■ We hold that under these circumstances, when such a family unit has formed, the court has the power and the responsibility to make provision for the well-being of all children involved in the dissolution of the marriage. In so holding, we do not disturb the ruling of *Ruben v. Ruben*, 123 N.H. 358, 461 A.2d 733 (1983). In a divorce proceeding, a stepparent cannot be required after the divorce to support the child of his former spouse; however, the same stepparent may request custody of the stepchildren.

■■ The next inquiry is what standard the court should employ in a child custody determination arising under this particular fact situation. RSA 458:17, I states that the court shall make such decree as shall be most conducive to the child's benefit. This court has held that the paramount and controlling consideration is the overall welfare of the children involved. *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 436, 309 A.2d 151, 152 (1973). Under this analysis, the court may award sole legal and physical custody to one parent, denying the other parent all custodial privileges, including visitation rights. *See Lester v. Lester*, 111 N.H. 117, 119, 277 A.2d 503, 504 (1971). Additionally, the court has the authority to grant custody of the child to a third party. In these latter cases the court has usually found that the parent denied custody was unfit, *Butler v. Butler*, 83 N.H. 413, 143 A. 471 (1928); *Turner v. Turner*, 86 N.H. 463, 169 A. 873 (1934), or unable to exercise the care that the child required, *White v. White*, 77 N.H. 26, 86 A. 353 (1913).

■■ Balanced against the right of the State to act in the best interests of the child, are the rights of natural parents. "The role of the parents in the life of the family has attained the status of a fundamental human right and liberty." *State v. Robert H.*_____, 118 N.H. 713, 715, 393 A.2d 1387, 1388 (1978). Accordingly, when the State seeks to terminate parental rights in an RSA chapter 170-C proceeding, it must prove the statutory ground for termination beyond a reasonable doubt, *id.* at 716, 393 A.2d at 1389, and these statutory grounds are limited to abandonment, substantial and continual neglect, incapacity to provide care due to mental deficiency, and severe sexual or other abuse, RSA 170-C:5 (as amended by Laws 1983, chs. 331 and 401, codified in Supp. 1983).

■■ In this case, the trial court did not terminate the natural mother's parental rights. Rather, the court awarded joint legal custody to both parties and physical custody to the stepfather. While recognizing the importance of day-to-day custody in the spectrum of parental rights, we do not find that the denial of an award of physical custody is equivalent to the termination of parental rights, there-

by requiring proof of the natural parent's unfitness or other extraordinary circumstances. We hold that, upon a finding that the best interests of the child require that the natural mother be denied physical custody, the court has the power to award physical custody to the stepfather.

The defendant alleges that the trial court abused its discretion in awarding joint custody to parties who requested sole custody. In RSA 458:17, II (Supp. 1981), a presumption that joint legal custody is in the best interests of the child arises when the parents agree to an award of joint legal custody or upon application of either parent for joint legal custody. The defendant argues that absent these situations, the court has no power to award joint legal custody. We disagree. Prior to the enactment of RSA 458:17, II (Supp. 1981), the court had the discretion to order joint legal custody when it determined that to do so would be in the best interests of the child. *Wonser v. Wonser*, 120 N.H. 436, 436, 415 A.2d 881, 882 (1980). The enactment of RSA 458:17, II (Supp. 1981) did not negate this discretionary power of the court and it was not, therefore, an abuse of the trial court's discretion to award joint legal custody.

The defendant also advances the argument that the master abused her discretion in refusing to rule on the defendant's requests for rulings of law. A master need only make findings, in narrative form, of the essential facts which are sufficient to support his or her decision. *Heinze v. Heinze*, 122 N.H. 358, 362, 444 A.2d 559, 562 (1982). In this case the master has made findings adequate to support her custody award.

The other issues raised by the defendant revolve around the contents of the guardian ad litem's report and the master's determinations that the plaintiff was a more effective parent and had provided a more beneficial home. It is well established that this court will not overturn a master's findings and rulings unless they are unsupported by the evidence or are erroneous as a matter of law. *Suojanen v. Tardif*, 121 N.H. 1036, 1038, 437 A.2d 310, 311 (1981). Under this standard of review, we cannot say, based on the record before us, that the master's findings and rulings should be overturned.

*Affirmed.*

SOUTER, J., did not participate; the others concurred.