Hillsborough-northern judicial district
No. 93-612

### Martha and Thomas McLaughlin

v.

### Joseph Mullin

December 28, 1994

*Honey Hastings*, of Nashua, by brief and orally, for the petitioners.

*Law Offices of Jack Bryan Little*, of Boston, Massachusetts (*Jack Bryan Little* on the brief and orally), for the respondent.

*Margaret Cunnane Hall*, of Milford, guardian ad litem, filed no brief.

BATCHELDER, J.    The respondent, Joseph Mullin, appeals the Superior Court's (*Perkins*, J.) approval of the recommendations of the Marital Master (*Alice S. Love*, Esq.) granting the petitioners', Martha and Thomas McLaughlin, request for custody of Sabina Mullin. The respondent is Sabina's father. The petitioners are her maternal grandparents. The respondent argues that the superior court: (1) lacked subject matter jurisdiction to decide the case; (2) employed an improper standard for determining custody; (3) erred in calculating child support; and (4) assessed attorney's fees and witness fees improperly. Because the superior court lacked subject matter jurisdiction, we reverse.

In March 1982, Sabina's mother, Kathryn, was diagnosed as terminally ill with cancer. Kathryn subsequently moved with Sabina and Sabina's brother, who were then ages three and seven, to the petitioners' home, where she remained until her death in January 1983. Because Sabina's brother reached the age of majority during the custody proceeding, his custody is not an issue on appeal. The respondent has not lived with Sabina since his wife (Kathryn) and children moved to her parents' home, although he has visited with and provided financial support for Sabina and, until he reached the age of majority, her brother.

In 1990, the respondent filed a petition in a Massachusetts probate court seeking sole custody of his children. In response, the petitioners filed their own custody petition in the New Hampshire Superior Court. By agreement of the parties, the Massachusetts suit was dismissed. Arguing that the superior court lacked subject matter jurisdiction, the respondent moved to dismiss the New Hampshire custody petition. Relying upon *Stanley D. v. Deborah D.*, 124 N.H. 138, 467 A.2d 249 (1983), and *Preston v. Mercieri*, 133 N.H. 36, 573 A.2d 128 (1990), the Superior Court (*Goode*, J.) approved the recommendation of the Master

(*Peter J. Bourque*, Esq.) denying the motion to dismiss, ruling that the superior court had jurisdiction under RSA chapter 458-A (1992).

Thereafter, the court awarded physical custody of Sabina to the petitioners; awarded joint legal custody; ordered the respondent to pay $400 per month in child support; and allocated certain attorney's fees and witness fees.

■ We uphold the findings and rulings of the trial court, unless they are unsupported by the evidence or tainted by error of law. *Whispering Springs Tenant Assoc. v. Barrett*, 137 N.H. 203, 208, 624 A.2d 1345, 1349 (1993).

The respondent first argues that the superior court lacked subject matter jurisdiction. The petitioners counter that they have a constitutional right to have their custody petition heard in a New Hampshire court, that they lacked standing to petition for custody in the probate court, and that jurisdiction lay properly in the superior court under RSA chapter 458-A, the uniform child custody jurisdiction act.

■ "Upon the death of either parent, the survivor *shall* be the sole guardian of the person of the child." RSA 463:4 (1992) (emphasis added). Accordingly, when Kathryn Mullin died, the respondent became Sabina's sole guardian. The petitioners argue that because they have been Sabina's caregivers for more than eleven years, "[i]t is too late to apply RSA 463:4 to Sabina." The statute's mandate, however, operated automatically at the time of Kathryn Mullin's death and need not be judicially applied now.

■ Moreover, RSA 463:18-a (1992) goes beyond designating the guardian of the child and entrusts the child's custody to his or her guardian. *McAlpine v. Gilpatrick*, 90 N.H. 57, 57, 4 A.2d 352, 352 (1939). Consequently, at the time of his wife's death, the respondent had custody of Sabina as a matter of law. Whether and how the petitioners can alter that custody is the issue before us.

■ We first look to the petitioners' argument that a document signed by both the respondent and his wife shortly before her death memorializes their agreement that either the petitioners or their other daughter, Helen McSheffrey, would have "full custody of the children." The respondent denied recognizing the document and testified that he did not sign it. The document, however, is irrelevant to our inquiry because "custody, whether given by statute or arising from appointment as guardian, [cannot] be transferred by contract." *Brown v. Jewell*, 86 N.H. 190, 192–93, 165 A. 713, 714 (1933).

■ The superior court's jurisdiction is established in RSA 491:7 (Supp. 1993): "The superior court shall take cognizance . . . of petitions

of divorce, nullity of marriage, alimony, custody of children and allowance to wife from husband's property for support of herself and children . . . ." This section does not confer general jurisdiction to the superior court over all custody matters. Rather, it "merely impose[s] upon the superior court the duty of administering the divorce statutes and confer[s] upon it no independent jurisdiction over the custody of children." *Leclerc v. Leclerc*, 85 N.H. 121, 123, 155 A. 249, 250 (1931).

■ The cases relied upon by the trial court, *Stanley D. v. Deborah D.*, 124 N.H. 138, 467 A.2d 249, and *Preston v. Mercieri*, 133 N.H. 36, 573 A.2d 128, were both incident to divorce proceedings, over which the superior court has continuing jurisdiction in custody matters. *See* RSA 458:17 (1992) (amended 1993). Absent divorce proceedings, however, the superior court has no jurisdiction to appoint a custodian of a minor. "[T]he right of custody is a legal incident of guardianship, and the appointment of guardians is a matter within the exclusive jurisdiction of the probate court." *Leclerc*, 85 N.H. at 123, 155 A. at 251.

■ "Where exclusive jurisdiction is expressly conferred upon a court, no other tribunal may exercise such jurisdiction." *Cooperman v. MacNeil*, 123 N.H. 696, 700, 465 A.2d 879, 881 (1983). Because jurisdiction lies exclusively in the probate court, the superior court erred in denying the respondent's motion to dismiss for lack of subject matter jurisdiction.

■ We note that the legislature has amended RSA 463:6 (1992), enumerating the individuals and agencies authorized to petition the probate court for appointment of a guardian of a minor, to include grandparents. *See* RSA 463:6 (Supp. 1993) (effective May 17, 1993). Although under the earlier version the petitioners may have been required to file the custody petition through an agency rather than seek guardianship directly, the avenue to the probate court was not completely barred at the time of the custody proceeding, as the petitioners suggest.

■ Finally, we reject the petitioners' contention that the superior court had jurisdiction based on RSA chapter 458-A. The purpose of RSA chapter 458-A, the uniform child custody jurisdiction act, is to "[a]void jurisdictional competition and conflict with courts of other states." RSA 458-A:1, I(a); *see Brauch v. Shaw*, 121 N.H. 562, 571, 432 A.2d 1, 6 (1981). According to the statute, jurisdiction to make child custody determinations lies in the "court of this state which is competent to decide child custody matters." RSA 458-A:3, I. In this case, we hold that the "court of this state which is competent to decide child custody matters" is the probate court. Because "any action taken by a court without jurisdiction is void," *Cooperman v. MacNeil*, 123

N.H. at 700, 465 A.2d at 881, we need not address the respondent's additional arguments.

*Reversed.*

All concurred.