Merrimack County Probate Court
No. 95-731

### CLINT J. ELLSWORTH

v.

### WENDY HEATH

May 8, 1996

*Marian Sagona Lynch*, of Concord, by brief and orally, for the plaintiff.

*Judith P. Newcombe*, of Concord, by brief and orally, for the defendant.

*Erline A. Reilly,* of Penacook, guardian ad litem, by brief, as *amicus curiae.*

HORTON, J. This interlocutory transfer without ruling from the Merrimack County Probate Court (*Hampe,* J.) requires us to determine whether the probate court or the superior court has jurisdiction over custody disputes between unwed parents when there are no guardianship issues. We hold that the superior court has exclusive jurisdiction.

The plaintiff, Clint J. Ellsworth, and the defendant, Wendy Heath, are the natural parents of a minor son. The parties have never been married. They did, however, live together from January 1992 until June 1993. Their son was three months old when the parties separated. The plaintiff filed a petition to determine custodial rights in the superior court on July 1, 1993. During the course of the case, the superior court awarded temporary custody to the plaintiff, granted the defendant visitation, and appointed a guardian ad litem. A final hearing was scheduled for November 7, 1995. But, on July 14, 1995, the plaintiff filed another petition for custody and support in the Merrimack County Probate Court. The defendant moved to dismiss the probate court petition. The probate court thereafter approved this interlocutory transfer without ruling. *See* SUP. CT. R. 9. We accepted this case and stayed all proceedings in superior court pending our decision.

The following questions were transferred by the probate court:

1. Does the probate court have exclusive jurisdiction over child custody and support cases between the child's unwed parents where:

   A. Such cases have been previously filed and are pending in superior court;

   B. The probate court has indicated it will accept jurisdiction over the case;

   C. Temporary orders of the superior court are currently in effect; and

   D. A final hearing in superior court has been scheduled?

2. If both courts appropriately have jurisdiction in this matter, which court decides where the case shall be heard and what criteria are used for this decision?

█ We hold that the probate court does not have jurisdiction to award custody of a minor child between the unwed parents of the child absent issues of guardianship. The power of probate courts is

limited to the power conferred upon them by statute. *See In re Estate of O'Dwyer*, 135 N.H. 323, 324, 605 A.2d 216, 217 (1992). RSA 547:3 (Supp. 1995) provides that the probate court has exclusive jurisdiction over: "The appointment and removal of conservators, and of guardians of minors" and "[a]ny other jurisdiction as may be granted by statute." RSA 547:3, I(e), (n). Nothing in RSA 547:3 or any other statute confers jurisdiction upon the probate court to award custody absent an appointment of a guardian.

As of January 1, 1996, the statutes relating to guardianship of minors have been substantially revised. *See* RSA 463:1-:32 (Supp. 1995). RSA 463:3 (Supp. 1995) states:

> I. The father and mother of every minor are joint guardians of the person of such minor, and the powers, rights, and duties of the father and mother in regard to such minor shall be equal. . . .

> II. Nothing in this chapter shall prevent the probate court from appointing a guardian of the person or of the estate or both, and the custody of any minor may be awarded to either parent by such court.

Although reordered, these provisions are identical to those in the previous enactment, *see* RSA 463:4, :5 (1992), and, in fact, have remained virtually unchanged since their enactment in 1911. Laws 1911, 104:1, :2. In addition, as of January 1, 1996, RSA 463:4, I (Supp. 1995) states: "The probate court shall have exclusive jurisdiction over the appointment of a guardian of the person or of the estate or of both of any minor."

■■ Cases involving custody disputes between unwed parents of a minor child do not require the probate court to appoint a guardian because, by operation of statute, the parents are automatically the joint guardians of the minor. RSA 463:3, I (Supp. 1995). While RSA 463:3, II (Supp. 1995) states in part that "the custody of any minor may be awarded to either parent by such court," we do not believe that this language, taken in isolation, grants jurisdiction to the probate court absent guardianship issues. The clause immediately preceding this language deals with the power of the probate court to appoint a guardian even if both parents are alive. *See Brooks v. Brooks*, 77 N.H. 547, 548, 94 A. 196, 196 (1915). Moreover, RSA chapter 463, viewed in its entirety, provides no support for the general power of the probate court to award custody in the absence of the appointment of a guardian. When interpreting a statute, "we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not

simply by examining isolated words and phrases found therein." *Appeal of Soucy,* 139 N.H. 110, 116, 649 A.2d 60, 63 (1994) (quotation omitted). The language in RSA 463:3, II, granting the probate court the power to award custody to either parent, is dependent upon the language of the first clause of that section, granting the probate court the power to appoint a guardian. *Cf. Cahoon v. Coe,* 57 N.H. 556, 581 (1876). This language is simply a recognition that "the right of custody is a legal incident of guardianship." *Leclerc v. Leclerc,* 85 N.H. 121, 123, 155 A. 249, 251 (1931).

■ Our conclusion is informed by *Brauch v. Shaw,* 121 N.H. 562, 432 A.2d 1 (1981). *Brauch* involved a custody dispute between unwed parents of a minor child. *Id.* at 565-66, 432 A.2d at 2-3. Neither parent, however, sought sole guardianship of the child. *See id.* at 568-69, 432 A.2d at 4. In *Brauch* this court was unable to find any specific statutory grant of authority for awarding custody absent appointment of a guardian. *See id.* at 570, 432 A.2d at 5. When the State Constitution guarantees a remedy, as with parental rights, *see* N.H. CONST. pt. I, art. 2, we concluded that, absent a statutory grant of authority, the superior court, as a court of general jurisdiction, has jurisdiction. *See Brauch,* 121 N.H. at 570-71, 432 A.2d at 5-6; *see also* RSA 491:7 (Supp. 1995).

The general jurisdictional power conferred on the superior court by part II, article 72-a of the New Hampshire Constitution is defined in RSA 491:7, which provides:

> The superior court shall take cognizance of civil actions and pleas, real, personal and mixed, according to the course of the common law, except such actions as are required to be brought in . . . the probate courts under RSA 547; . . . of actions for support for children of unwed parents; . . . of petitions of divorce, nullity of marriage, alimony, custody of children and allowance to wife from husband's property for support of herself and children; . . . and of all other proceedings and matters cognizable therein for which other special provision is not made.

We have stated that "[a]bsent divorce proceedings . . . the superior court has no jurisdiction to appoint a custodian of a minor." *McLaughlin v. Mullin,* 139 N.H. 262, 265, 651 A.2d 934, 936 (1994). In *McLaughlin,* however, we focused on the language of RSA 491:7 which states: "The superior court shall take cognizance . . . of petitions of divorce, nullity of marriage, alimony, custody of children and allowance to wife from husband's property for support of herself and children . . . ." *See McLaughlin,* 139 N.H. at 264-65, 651 A.2d

at 936. We concluded that "[t]his section does not confer general jurisdiction to the superior court over all custody matters. Rather, it merely imposes upon the superior court the duty of administering the divorce statutes and confers upon it no independent jurisdiction over the custody of children." *Id.* at 265, 651 A.2d at 936 (quotation and brackets omitted).

In *McLaughlin,* the grandparents of a minor child sought custody and guardianship of the child. Because this is a factual scenario in which we recognized that subject matter jurisdiction lies exclusively with the probate court, *see* RSA 547:3, I(e); *McLaughlin,* 139 N.H. at 265, 651 A.2d at 936, we did not have occasion in *McLaughlin* to consider the general jurisdictional power of the superior court established in part II, article 72-a of the New Hampshire Constitution and defined in RSA 491:7. For these reasons, we do not believe that *McLaughlin* is inconsistent with our holding in this case.

■ Moreover, in other cases we have recognized that the superior court is not precluded "from ever entertaining any custody or visitation matters outside of the divorce context." *Roberts v. Ward,* 126 N.H. 388, 391, 493 A.2d 478, 480 (1985) (citing *Locke v. Ladd,* 119 N.H. 136, 399 A.2d 962 (1979)). Although no statute specifically mentions the power of the superior court to determine custody issues in the absence of a divorce, "the protection of a constitutional right is not dependent upon legislative enactment or grant of authority to the judiciary." *Brauch,* 121 N.H. at 570, 432 A.2d at 5 (quotation omitted). Accordingly, since the right of a parent to the custody of his or her child is protected by our State Constitution, N.H. CONST. pt. I, art. 2, the superior court as the court of general jurisdiction has subject matter jurisdiction to determine custody issues between unwed parents. *See Brauch,* 121 N.H. at 570-71, 432 A.2d at 5-6.

*Remanded.*

All concurred.