# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0219, In re Guardianship of I.B.; In re Guardianship of A.B.; In re Guardianship of N.B., the court on September 18, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, the father of A.B. and N.B. (father), appeals the order of the Circuit Court (Foley, J.) appointing the petitioner, the maternal grandmother of I.B., A.B., and N.B., as guardian for the children, over his objection. The father argues that the court erred in: (1) finding that the guardianship is necessary to prevent specific, significant harm to the children; and (2) denying his request for the appointment of a guardian ad litem.

The father first argues that the evidence was insufficient to prove that the guardianship is necessary to prevent specific, significant psychological harm. A non-parent seeking to establish a guardianship over the objection of a parent has the burden to prove "by clear and convincing evidence that the best interests of the minor require substitution or supplementation of parental care and supervision to provide for the essential physical and safety needs of the minor or to prevent specific, significant psychological harm to the minor." RSA 463:8, III(b) (Supp. 2014); In re Guardianship of Nicholas P., 162 N.H. 199, 202 (2011). The trial court's findings are final unless they are so plainly erroneous that they could not be reasonably made. In re Guardianship of Reena D., 163 N.H. 107, 110 (2011). We will not disturb the trial court's order unless it is unsupported by the evidence or plainly erroneous as a matter of law. Id.

The record shows that the mother and father were in a relationship for approximately ten years. Both parents struggled with substance abuse. In 2011, the father moved to Ohio, leaving the mother and children behind, to give himself "a fresh start." Shortly thereafter, the court appointed the children's maternal grandmother as their guardian. The guardianship ended in February 2014, when the guardian believed that the mother had stopped using drugs. However, in October 2014, the mother relapsed, and after a hearing, the court appointed the maternal grandmother guardian on a temporary basis. On March 4, 2015, the court held a permanent guardianship hearing. The father objected to the appointment of a guardian, asserting that he could offer the children a better life in Ohio, where he has stable employment, a stable place to live, and a stable relationship with his fiancée.

The trial court found, and the parties do not dispute, that the father can meet the children's essential physical and safety needs in Ohio. Thus, the only issue in dispute was whether a guardianship is necessary to prevent "specific, significant psychological harm" to the children. See RSA 463:8, III(b). The trial court found that the children's relationships in New Hampshire with "family and friends, including their mother and grandparents, have allowed [them] to flourish." The court found "by clear and convincing evidence that the children going to live in Ohio full-time with [the father] would cause them to suffer significant psychological harm." The father argues that the evidence, which consisted only of the petitioner's testimony and that of the children's mother, was insufficient to support the court's findings.

The petitioner testified that the children have always resided in New Hampshire, that they have relationships with everyone on the mother's side of the family, and that "[t]hey have a big support system here." She testified that the guardianship is necessary because the mother is still in recovery. The mother testified: "I believe that my children will suffer severe or irreparable harm if they go to live with [the father]." She testified that "to tear them out of the life that they have known [in New Hampshire] is . . . going to damage them." The father argues that the petitioner's evidence was insufficient because there were no other witnesses such as teachers, counselors, therapists, or extended family members, to support the petitioner's testimony and that of the mother. We have held, however, that "the guardianship statute does not require the non-parent to present expert witnesses to establish psychological harm to the minor." Nicholas P., 162 N.H. at 203-04. Based upon our review of the record, we cannot conclude that the entirety of the evidence was insufficient to support the court's findings. See id. at 202.

The father next argues that the trial court erred in denying his request for the appointment of a guardian ad litem. RSA 463:8, V (Supp. 2014) provides that the court may appoint a guardian ad litem upon the request of any interested person, or when it appears to the court that the interest or rights of a minor are not fully represented. We review the trial court's decision whether to appoint a guardian ad litem for an unsustainable exercise of discretion. See In re Jesse F., 143 N.H. 192, 196-97 (1998); State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). In Jesse F., we concluded, based upon the record in that case, that the trial court's decision not to appoint a guardian ad litem was not erroneous because the "mere fact that the two parties disagreed as to the proper guardian" did not demonstrate that the child's interests were not sufficiently represented. See Jesse F., 143 N.H. at 197. In this case, the father argues that the children's interests were not adequately represented because the issue was whether the minors' relocation to Ohio would cause them specific, significant psychological harm, and the petitioner offered no evidence on this issue other than her own testimony and that of the children's mother which, he asserts, consisted only of "vague general statements about emotional harm."

2

We defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to testimony.  In re Guardianship of Kapitula, 153 N.H. 492, 497 (2006).  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the father's request for the appointment of a guardian ad litem.  See Jesse F., 143 N.H. at 196-97; Lambert, 147 N.H. at 296.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
