Strafford
No. 83-450

LAWRENCE R. HIGGINS

v.

SOLOMON HIGGINS

December 31, 1984

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*James H. Schulte* on the brief and orally), for the plaintiff.

*Cooper, Hall, Whittum & Shillaber P.C.,* of Rochester (*Donald F. Whittum* on the brief and orally), for the defendant.

BROCK, J. The Superior Court (*Temple,* J.), approving the recommendation of a Master (*Glenn G. Davis,* Esq.), dismissed the plaintiff's petition, wherein he had requested temporary injunctive relief, an accounting, and other affirmative relief. The petition was based on the alleged existence of a partnership between the plaintiff, Lawrence Higgins, and the defendant, his father; or, in the alternative, on a confidential relationship calling for the imposition of a constructive trust on certain assets (including the proceeds from the sale of real estate) held by the defendant. In this appeal, the plaintiff argues that the master's findings of fact were clearly erroneous, and that the master misapplied the relevant law to the facts found. We disagree and, therefore, affirm.

The plaintiff and the defendant have lived together for most of the plaintiff's life. From the late 1940's until the defendant retired in 1972, he and the plaintiff were engaged in various business operations. The defendant, acting as the business manager, purchased all necessary equipment for the businesses, negotiated all bank loans and was solely responsible for the payment of all financial obligations. In addition, he bought various parcels of land, some individually and some jointly with the plaintiff. He testified that the joint purchases were intended to protect the plaintiff's interests "if anything happened to me."

All real estate taxes and expenses of construction and maintenance of these properties were paid by the defendant. The plaintiff and the defendant had equal access to the proceeds of the various businesses, as the money was kept in a safe in their home. No partnership tax return was ever filed.

In January 1974, while the plaintiff's divorce was pending, he conveyed his interest in the jointly owned properties to the defendant.

In March 1982, the plaintiff brought this action, seeking: to temporarily and permanently enjoin his father from transferring any real or personal property in which the plaintiff had an interest; to compel the defendant to make an accounting of all monies received and expended, and of all property sold or transferred; and to impose a constructive trust on certain assets held by the defendant.

The plaintiff alleged that his business relationship with the defendant constituted a partnership and that his conveyance of

property to the defendant created a constructive trust. After a hearing, the master recommended that the plaintiff's action be dismissed, as he had "failed to establish that there was a partnership or profit sharing joint venture in the various businesses." He further ruled that "the establishment of a partnership or joint venture must be shown by some intent to establish the same by word or deed. None is found here."

The master also found no basis for imposing a constructive trust and held that the conveyance of real property by the plaintiff to the defendant was in the nature of a recognition that the defendant was the rightful owner of that property.

■ "It is well established that this Court will not overturn a master's findings and rulings unless they are unsupported by the evidence or are erroneous as a matter of law." *Stanley D. v. Deborah D.*, 124 N.H. 138, 143, 467 A.2d 249, 251 (1983). On appeal the plaintiff has raised two issues: (1) whether the master erred in failing to find that the conduct of the parties demonstrated an intention to establish a partnership and/or a joint venture; and (2) whether the evidence was sufficient to require a finding that a constructive trust had been established.

■ On the first issue, the plaintiff argues that his conduct and that of the defendant indicated an intention to establish a partnership. He particularly stresses the fact that they had equal access to the money in the safe, and seeks to characterize that money as business profits. While RSA 304-A:7, IV (Supp. 1981) provides that "receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business," the master, in his report, concluded that "[w]hile the distribution of money on the honor system might indicate a profit sharing arrangement, all of the other factors point toward a father's generosity to a son." Further, the master's characterization of the money in the safe as "proceeds of the various businesses" points toward the applicability here of RSA 304-A:7, III (Supp. 1981): "The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived." The master's finding was reasonable in view of the evidence, which indicated that the defendant effectively controlled the management of all of the parties' various enterprises, including those nominally run by the plaintiff, and that he made all major financial decisions.

■ Even if the master had found that profits were being shared, he could still reasonably have found that no partnership existed. The

evidence could have supported a finding that the plaintiff lacked "the power of ultimate control" necessary to make him a "co-owner" of the businesses. UNIFORM PARTNERSHIP ACT § 6, Comment (1); RSA 304-A:6 (Supp. 1981); *see Glaser v. Company*, 93 N.H. 95, 99, 36 A.2d 280, 283 (1944).

The master did not rule, as the plaintiff asserts he did, that an intent to establish a partnership must be shown through evidence of an *express* agreement, either written or oral. The reference to "word or deed" in the master's report recognizes the possibility that the requisite intent may be implied by the parties' actions. *Greene v. Brooks*, 235 Cal. App. 2d 161, 165–66, 45 Cal. Rptr. 99, 102 (1965).

On the second issue, the plaintiff argues that a constructive trust should be imposed because he conveyed his interest in the jointly owned property to the defendant to protect their mutual interests during the plaintiff's divorce. He further alleges that he made this conveyance to the defendant on the understanding that the defendant would hold the property for his benefit. The plaintiff also alleges that because the defendant used some of the income from the various businesses to purchase the real estate, the plaintiff is entitled to a share of the proceeds of that sale. He argues that the defendant will be unjustly enriched unless a constructive trust is imposed on his interest in the real estate.

In *Carroll v. Daigle*, 123 N.H. 495, 463 A.2d 885 (1983), we held that "the prerequisites for the imposition of a constructive trust [are] the existence of a fiduciary or confidential relationship [citations omitted] and the potential for unjust enrichment if equitable relief is not granted." *Id.* at 500, 463 A.2d at 888.

In his report, however, the master found that the "properties purchased by Solomon Higgins were placed in joint tenancy so that the title would automatically pass to Lawrence Higgins upon his death." The testimony at trial supports this finding, and we will accordingly not disturb it. The evidence could also support an inference that the plaintiff understood, and acquiesced in, the defendant's having sole ownership of all the real estate, without any agreement to reconvey the property.

On the evidence before him, the master was not compelled to find either the existence of a confidential relationship or a potential for unjust enrichment. It follows that his refusal to impose a constructive trust was proper.

*Affirmed.*

All concurred.