Rockingham
No. 94-144

KATIE V. FULTON

v.

ALLARD'S MOVING & STORAGE, INC.

June 6, 1995

*New Hampshire Legal Assistance,* of Portsmouth (*Victoria Pulos* on the brief and orally), for the plaintiff.

*Taylor, Keane & Blanchard, P.A.,* of Portsmouth (*Raymond P. Blanchard* on the brief and orally), for the defendant.

HORTON, J.  The plaintiff, Katie V. Fulton, appeals an order of the Superior Court (*McHugh,* J.) denying her bill in equity for injunctive relief and finding that the defendant, Allard's Moving & Storage, Inc., has a valid lien on the plaintiff's furniture and other personal property stored in its facility. On appeal she argues that the defendant does not have a valid lien for storage charges, that the storage rate of $750 per month was unreasonable, and that an involuntary lien on exempt household goods is unlawful. We affirm.

The plaintiff owned and occupied a home mortgaged to Federal Home Loan Mortgage Corporation (Federal). After the mortgage became delinquent, Federal foreclosed and executed a deed transferring ownership in the property to itself. Federal commenced eviction proceedings against the plaintiff in February 1991, and on March 3, 1993, the Superior Court (*Goode,* J.) ordered that the plaintiff be evicted immediately. On April 22, 1993, approximately two years after Federal initiated eviction proceedings, the plaintiff was formally evicted from the property. As of that date, the plaintiff had made no arrangements to remove her personal property from the residence. During the two months following eviction, she did not remove her property even though she had limited access to the

residence for that purpose. Federal retained the defendant, who packaged and removed the plaintiff's personal property to its warehouse on June 24 and 25, 1993.

In August 1993, Federal, the plaintiff, and the defendant agreed that the defendant would waive its storage fees and reduced its moving expenses from $8,500 to $5,000, of which Federal would pay $3,500 and the plaintiff $1,500. Although the parties reached an accord, there was insufficient satisfaction. Federal paid its share, but the plaintiff did not tender her share in a timely fashion as called for by the agreement. Consequently, no final settlement was reached. The defendant then demanded accrued storage fees of $750 per month before it would release the plaintiff's property.

The plaintiff brought suit to enjoin the defendant from further interfering with her property. The defendant counterclaimed seeking a declaration that it held a valid lien on the plaintiff's property in its possession. The trial court found that, under RSA 382-A:7-307 (1994), the defendant has a valid carrier's lien enforceable against the plaintiff which became effective on June 25, 1993, that it will remain in effect until she pays the storage fees in full, and that the storage rate of $750 per month is reasonable.

■■ The plaintiff first argues that the defendant does not have a valid carrier's lien. A carrier may have a lien on goods covered by a bill of lading for storage or transportation charges incurred subsequent to its receipt of the goods. RSA 382-A:7-307. It is "effective against the consignor and any person who permitted the bailor to have control or possession of the goods unless the carrier had notice that the bailor lacked such authority." RSA 382-A:7-307(2). The lien is effective against the plaintiff in this case because she permitted the defendant, the bailor, to have both control and possession of her personal property. RSA 540-A:3, VII (Supp. 1994) provides:

> A landlord shall maintain and exercise reasonable care in the storage of the personal property of a tenant who has vacated the premises, either voluntarily or by eviction, for a period of 45 days after the date upon which such tenant has vacated. After the 45-day limit has expired, such personal property may be disposed of by the landlord without notice to the tenant.

*Id.* RSA 540-A:3, VII vests in the landlord the right to dispose of the personal property that the tenant has not removed within forty-five days of vacating the premises. In this case, Federal waited over sixty days before causing the property to be packaged and moved. Accordingly, Federal had the right to dispose of it in any manner. *Id.* That right is sufficient to create a lien in the tenant's property enforceable against the tenant. *See* 2 J. WHITE & R. SUMMERS,

UNIFORM COMMERCIAL CODE § 21-6, at 188 (3rd ed. 1988) (bad public policy to deny warehouseman lien when sheriff evicts tenant and causes goods to be stored because "it is in nobody's interest to leave such goods on the sidewalk" (quotation omitted)).

■■ The plaintiff argues that a carrier's lien does not provide a lien on the plaintiff's property for storage charges because after moving the goods into storage the carrier becomes a warehouseman and consequently a lien for storage would be available only under the warehouseman's lien statute, RSA 382-A:7-209 (1994). We disagree. RSA 382-A:7-307 expressly states that a carrier's lien can cover charges for both transportation and storage. While storage of the plaintiff's property in this case is somewhat more than incidental to the move, it is substantially connected with the move. The storage fees accrued only because the plaintiff failed to remove her property. Therefore, the defendant has a valid carrier's lien enforceable against the plaintiff for the storage fees. *See McCausland v. Tide-Mayflower Mov. & Storage,* 499 So. 2d 1378, 1381 (Ala. 1986).

■ The plaintiff argues that the defendant cannot have a valid lien because some of the property it holds may be exempt from attachment under RSA 511:2 (1983). RSA 511:2 exempts certain personal property from attachment and execution. That property is exempt from sale under judicial process, however, does not prevent it from being subject to a carrier's lien and being sold to satisfy that lien. *See Tomson v. Lerner,* 25 P.2d 209, 211 (N.M. 1933) (landlord's lien); *Kelly v. Hood,* 118 P.2d 1016, 1017 (Okla. 1941) (innkeeper's lien).

■ The plaintiff's last argument is that the trial court erred by finding that the $750 per month storage charge was reasonable. We will not disturb the factual findings of the trial court unless they are not supported by the evidence or are erroneous as a matter of law. *McCabe v. Arcidy,* 138 N.H. 20, 24, 635 A.2d 446, 449 (1993). The court below heard testimony that the defendant had filed a rate schedule with the New Hampshire Public Utilities Commission, that the rate was based on the weight of the goods stored per month, that it calculated the charge of $750 per month based on that rate, and that the rate was not arbitrarily set for this case. We hold that the trial court had sufficient evidence to find that the rate of $750 per month was reasonable.

*Affirmed.*

All concurred.