Hillsborough-northern judicial district
No: 2006-695

PAUL G. BLOUIN *& a.*

v.

KURT SANBORN *& a.*

Argued: May 9, 2007
Opinion Issued: July 18, 2007

*Cronin & Bisson, P.C.*, of Manchester (*John F. Bisson* and *John G. Cronin* on the brief, and *Mr. Cronin* orally), for the plaintiffs.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Scott H. Harris* and *Cathryn E. Vaughn* on the brief, and *Mr. Harris* orally), for the defendants.

DALIANIS, J. The defendants, Kurt Sanborn and Manchester Downtown Visions, LLC (MDV), appeal the jury verdict against them for breach of contract and negligent misrepresentation. They challenge the Superior Court's (*Mangones,* J.) denial of their motions for judgment notwithstanding the verdict (JNOV) and remittitur. The plaintiffs, Paul G. Blouin and South Bedford Street Holdings, LLC (collectively, Blouin), cross-appeal the trial court's denial of attorney's fees. We affirm.

The following appears in the record: Blouin negotiated a "land swap" as part of a larger development plan to bring a minor league baseball park to the City of Manchester (City). It was agreed that the City would convey a certain parcel of land to Blouin and that Blouin would convey a different parcel of land to Roedel Partners of Manchester, LLC. It was also agreed that the defendants would make certain improvements to Blouin's real estate. When the City conveyed its parcel to Blouin, however, the improvements had not been made. Blouin sued the defendants under breach of contract and negligent misrepresentation theories. After trial, the jury found that both defendants breached their contract with Blouin,

and that Sanborn made negligent misrepresentations to Blouin while he was acting within his scope of authority as an employee of MDV. Damages were assessed at $155,000. The defendants moved for JNOV and remittitur; Blouin moved for attorney's fees. The motions were denied, and this appeal and cross-appeal followed.

The defendants first argue that Sanborn was entitled to JNOV on the negligent misrepresentation claim because at all times relevant to the litigation he was acting as a disclosed agent of MDV. We disagree.

A party is entitled to JNOV only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand. *Boynton v. Figueroa*, 154 N.H. 592, 602 (2006). In deciding whether to grant the motion, the trial court cannot weigh the evidence or inquire into the credibility of witnesses. *Id.* If the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the court must deny the motion. *Id.* Our standard of review of a trial court's denial of a motion for JNOV is extremely narrow. *Id.* We will not overturn the trial court's decision absent an unsustainable exercise of discretion. *Id.*

"It is well settled that an agent may be liable for his own torts to a third person who is injured." *Russell v. Downing*, 114 N.H. 837, 839 (1974). "Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." RESTATEMENT (THIRD) OF AGENCY § 7.01 (2006). In general, agency law "does not insulate an agent from liability for his or her torts [] because an agent's tort liability is not based upon the contractual relationship between the principal and the agent, but upon the common-law obligation that every person must so act ... as not to injure another." 3 AM. JUR. 2D *Agency* § 298 (2002). Thus, Sanborn's status as a disclosed agent did not insulate him from liability on the negligent misrepresentation claim. This was not an unsustainable exercise of discretion.

The defendants next assert that they were entitled to JNOV because the contracts at issue failed to satisfy the statute of frauds, and, therefore, could not form the basis of either the negligent misrepresentation or breach of contract claims. The trial court denied the motion for JNOV, ruling that "the totality of the parties' various items of documentation and memorialization, including e-mails, contracts, notes, applications and engineering plans" satisfied the statute of frauds. Alternatively, the court ruled that the transaction was divisible and that while the actual sale of real estate was required to, and did satisfy the statute of frauds, the

defendants' promises to make site improvements did not come within the statute of frauds.

■ We are unable to review the defendants' arguments substantively because they have failed to provide a record on appeal sufficient for our review. As the appealing parties, the defendants had the burden of providing this court with a record sufficient to decide their issues on appeal. *See Rix v. Kinderworks Corp.*, 136 N.H. 548, 553 (1992); *see also* SUP. CT. R. 13. They have failed, however, to provide as part of the record on appeal the "e-mails, contracts, notes, applications and engineering plans" upon which the trial court relied. Absent these materials, we must assume that the evidence supported the trial court's decision. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004). We review the trial court's ruling on the statute of frauds issue for legal errors only. *See Atwood v. Owens*, 142 N.H. 396, 397 (1997). As the defendants have failed to demonstrate that the trial court's ruling on this issue was erroneous as a matter of law, we uphold it.

■ Next, the defendants contend that the trial court erred in failing to grant remittitur. New Hampshire law does not require that damages be calculated with mathematical certainty, and the method used to compute them need not be more than an approximation. *Boynton*, 154 N.H. at 606. Whether remittitur should be granted is within the trial court's sound discretion. *Id.* Direct review of a damages award is the responsibility of the trial judge, who may disturb a verdict as excessive (or inadequate) if its amount is conclusively against the weight of the evidence. *Id.* The court may also order remittitur if the verdict is "manifestly exorbitant." *Id.* (quotation omitted). The amount of a verdict is conclusively against the weight of the evidence only if no reasonable jury could have reached it. *Id.*

■ Once the trial court has reviewed the amount of the verdict under this standard, we will not disturb its finding unless no reasonable person could have made it. *Id.* at 606-07. Our task upon review is not to attempt to ascertain the one and only correct verdict. *Id.* at 607. Absent an unsustainable exercise of discretion, we will not reverse the trial court's decision. *Id.* The party seeking to modify the verdict bears a heavy burden. *Id.*

■ The defendants' own engineer testified that the site work at issue would have cost $150,000. Another estimate prepared by a witness for Blouin put the cost at $124,990. The witness testified that, as a result of changes in asphalt and fuel prices, his estimate was no longer valid and should be increased by ten percent. An award of $155,000 was, therefore, not unreasonable.

■ On cross-appeal, Blouin argues that the trial court erred by failing to award attorney's fees because he was forced to seek judicial assistance to secure a clearly defined right. We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. *Grenier v. Barclay Square Commercial Condo. Owners' Assoc.*, 150 N.H. 111, 115 (2003). In evaluating the trial court's ruling on this issue, we must first keep in mind the tremendous deference given to a trial court's decision on attorney's fees. *Daigle v. City of Portsmouth*, 137 N.H. 572, 574 (1993). A prevailing party may be awarded attorney's fees when that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees. *Grenier*, 150 N.H. at 117. Although parties generally are responsible for their own attorney's fees, we have recognized an exception where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established. *Id.*

■ After reviewing the record, we find that the trial court's exercise of discretion in denying Blouin attorney's fees is sustainable. As the trial court noted, "There were numerous factual and legal issues that were in contest concerning the parties' undertakings" including "who may have made what representations to whom; who may have agreed to what and in what form; and whether or not liability attached to these matters." We agree. The rights in this case were far from "clearly defined."

Blouin also argues that it would be the "proper approach" for the jury to consider the issue of attorney's fees. No authority is offered for this proposition, and the determination of whether to award attorney's fees is the "historical province of the trial judge." *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 56 (1990). We find no error in the trial court's adjudication of attorney's fees.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.