**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0565, <u>Mary Wright v. Mask Construction, LLC; Mary Wright & a. v. Hubert Clifford Mask, III & a.</u>, the court on November 8, 2017, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Defendant Hubert Clifford Mask, III appeals the determinations by the Superior Court (<u>McNamara</u>, J.), following a bench trial, that: (1) plaintiff Mary Wright and Mask entered into a partnership to create plaintiff M & W Homes, LLC (the LLC); and (2) Mask is liable to Wright for $223,753.33, which represents one-half of the net losses incurred when he withdrew from the partnership in June 2012. We affirm.

The trial court recited the following facts in its order on the merits. This case arises from a failed real estate venture. In August 2010, Wright, a former lawyer and now an interior designer, and Mask, agreed to go forward with a business transaction in which Wright would buy land and Mask would build houses on speculation in Plymouth. Wright and Mask consulted an attorney, John R. McKinnon, because they wanted to form a business venture of some kind to go into the business of buying and selling homes. McKinnon testified that he believed that Wright and Mask had created a partnership and that he told them that, as partners, they were jointly liable for the finances, profits, and losses of the partnership.

McKinnon created the LLC and drafted its operating agreement. The operating agreement states: "Both . . . Wright and . . . Mask . . . are equal partners in the LLC." McKinnon testified that this sentence was intended to explain that there was a partnership that was separate from the LLC. He testified that the LLC was created simply to allow the partnership to operate as an LLC for the purpose of this single project. As McKinnon explained in his deposition, "The intent was to temper [Wright's and Mask's] personal liability from outside sources, not from each other. So if there was liability for a construction failure, injuries or something like that, they wouldn't be personally liable," but, as between the two of them, "they would share equally in profits and losses."

The relationship between the parties apparently deteriorated in 2012. In June 2012, Mask filed a stalking petition against Wright and withdrew from their partnership. Eventually, Wright and the LLC sued Mask, seeking dissolution of the LLC and an accounting with respect to the partnership.

Following a four-day bench trial, the trial court found Mask liable to Wright for one-half of the net losses incurred when he withdrew from the partnership in June 2012.

On appeal, Mask first argues that the trial court erred when it denied his motion in limine to exclude evidence relating to the partnership's losses. In that motion, Mask argued that, because the trial court had earlier denied the plaintiffs' motion to amend to add claims for losses they allegedly suffered under the alleged partnership agreement, partnership losses are not at issue in the case and any evidence about them should be excluded.

The trial court denied Mask's motion explaining that, because the plaintiffs' original complaint had alleged that Mask is responsible for 50% of the losses of the LLC and that the LLC's operating agreement states that he and Wright are equal partners in the LLC and are to divide profits equally, Wright had raised "partnership claims in her original complaint." Therefore, the trial court reasoned, "evidence of the alleged partnership is relevant" to her claims.

We review the trial court's decision under our unsustainable exercise of discretion standard. See Petition of Stompor, 165 N.H. 735, 738 (2013) (explaining that our unsustainable exercise of discretion standard governs our review of trial court decisions about the admissibility of evidence). To meet this standard, Mask must show that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. Id.

Mask argues that the in limine ruling constitutes an unsustainable exercise of discretion because it is premised upon the court's misconstruction of the plaintiffs' original complaint. We disagree. The original complaint alleged that Wright and Mask formed the LLC "to develop, model, and construct custom residential homes in New Hampshire," and that they were "equal partners in the LLC." The original complaint further alleged that, under the operating agreement, "upon the completion of each house M & W Homes was to build, the profit from that sale would [be] divided equally between Wright and Mask unless the parties agreed to use the profits to finance another project." The original complaint alleged that, in June 2012, Mask voluntarily terminated his interest in the LLC and that, because Wright and Mask were "equal partners" in the LLC, Wright sought a declaratory judgment "that Mask is 50% responsible for the losses of the LLC." In light of these allegations, we conclude that the trial court did not err when it determined that Wright had raised "partnership claims" in the original complaint.

Mask asserts that he was "prejudiced" by the trial court's decision because he "never propounded any written discovery relative to what assets Wright claimed were the assets of the Partnership outside of the LLC." Mask's failure to propound such discovery does not constitute "prejudice" within the

meaning of our unsustainable exercise of discretion standard. Moreover, the trial court found that "[b]oth parties had extensive discovery in the case," and that, with respect to the assets and liabilities of the partnership, Wright's expert "produced her summary sheet from documents long available to Mask."

Contrary to Mask's assertions, the trial court in this case did not allow Wright to pursue a "new" cause of action at trial. Rather, the claim pursued at trial was the same claim as alleged in the plaintiffs' original complaint, the same claim that was argued in response to Mask's motion for partial summary judgment, and the same claim that was argued in response to his motion in limine.

Mask next asserts that the trial court erred when it determined that he and Wright formed a partnership. By statute, a partnership is "an association of two or more persons to carry on as co-owners a business for profit." RSA 304-A:6, I (2015). Such an association must be voluntary and based upon an agreement between the parties. Hilco Property Services, Inc. v. United States, 929 F. Supp. 526, 536 (D.N.H. 1996). However, the agreement need not be an express, written agreement, but may be implied by the conduct of the parties and the circumstances surrounding their relationship. Id.; see Higgins v. Higgins, 125 N.H. 806, 809 (1984) (explaining that "the requisite intent" to form a partnership "may be implied by the parties' actions"). Whether the parties' actions imply their intent to form a partnership is a question of fact. See Higgins, 125 N.H. at 808-09; see also Hilco Property Services, Inc., 929 F. Supp. at 536-37.

We interpret Mask's argument to be that the evidence was insufficient to support the trial court's finding that his and Wright's conduct and the circumstances surrounding their relationship implied their intent to create a partnership. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they lack evidentiary support or are tainted by error of law. Guyotte v. O'Neill, 157 N.H. 616, 623 (2008). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id.

On this factual question, Mask has failed to provide a complete record for the court's review. As the appealing party, Mask has the burden of providing a record sufficient to decide his issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 13(2). For us to review Mask's assertion that the evidence was insufficient to support the trial court's finding that his and Wright's conduct and the circumstances surrounding their relationship implied their intent to create a partnership, we must have before us the same factual record as the trial court had before it. However, Mask has provided transcripts of only three days of the four-day bench trial and has not provided all of the exhibits entered into evidence at trial. Absent a complete record of the trial court proceedings, we must assume that the evidence

supports the trial court's factual finding that the conduct of Wright and Mask and the circumstances surrounding their relationship demonstrated their intent to form a partnership. See In the Matter of Rokowski & Rokowski, 168 N.H. 57, 62 (2015); see also Higgins, 125 N.H. at 808-09.

Alternatively, Mask argues that the trial court erred when it concluded that the partnership held any assets or incurred any liabilities. Mask has failed to provide a complete record on this issue as well. Thus, we must assume that the evidence supported the trial court's findings about the partnership's assets and liabilities. See Rokowski, 168 N.H. at 62.

Mask next contends that, because the specific deposition testimony of McKinnon upon which the trial court relied is "unknown," Mask has been deprived of due process. Mask has failed to demonstrate that he preserved this issue for our review. See Bean, 151 N.H. at 250. Moreover, we observe that the trial court's narrative order on the merits summarizes the deposition testimony upon which the court relied.

To the extent that Mask asserts that the trial court erred by not ruling upon each of the specific objections he raised to McKinnon's deposition testimony, we note that the trial court determined that Mask's objections were "not germane to the Court's conclusions." We further observe that some of Mask's objections concerned the weight to be afforded McKinnon's testimony, not its admissibility. We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to testimony. Cook v. Sullivan, 149 N.H. 774, 780 (2003).

Additionally, Mask appears to contend that the trial court erred by relying upon McKinnon's testimony because, according to Mask, McKinnon contradicted himself. However, it is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented. Id. We have reviewed Mask's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

4