**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0634, <u>Sanford A. Woodmansee v. Robert H. Walther</u>, the court on January 22, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Sanford A. Woodmansee, appeals an order of the Superior Court (<u>Delker</u>, J.) denying his motion for injunctive relief and dismissing his request for damages for the loss of his personal property against the defendant, Robert H. Walther, following a hearing on the merits.  We construe his brief to argue that the trial court erred by:  (1) finding that he had failed to allege facts establishing the defendant's personal liability; (2) applying RSA 540-A:3, VII (Supp. 2016); (3) not allowing him to amend his complaint, <u>see</u> RSA 514:9 (2007); (4) not finding that the writ of possession issued to the Federal National Mortgage Association (Fannie Mae) had "expired" prior to his eviction and the removal of his personal property; (5) violating his due process rights; and (6) violating his right to engage in discovery.

We first address whether the plaintiff established that the defendant was personally liable to him.  We review the trial court's application of law to facts <u>de novo</u> and defer to its findings of fact, when they are supported by evidence in the record.  <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).

At the hearing on the merits, the defendant stated that he was employed by Berkshire Hathaway Home Services, the company that Fannie Mae had hired to sell the property owned by the plaintiff before its foreclosure.  The defendant represented that Fannie Mae authorized him to allow the plaintiff to enter the property to retrieve his personal property, and for no other purpose.  The defendant opined that Fannie Mae had "afforded [the plaintiff] an extraordinary amount of time" to remove his personal property, but that the plaintiff "seem[ed] to be just dragging the process along."  He further stated that Fannie Mae had contracted directly with another vendor to remove any personal property remaining on the real estate and that he had no authority to remove the plaintiff's personal property.

The plaintiff argues on appeal that the defendant, in an affidavit, "used the first-person pronoun 'I' . . . to describe all of the material acts that he performed" and did not aver "that any of the acts . . . were the acts . . . of Fannie Mae."  In

contrast, in the trial court, he stated that the defendant "wholly represents himself [in the affidavit] as a representative for Fannie Mae." To the extent that he argues that the defendant acted "outside [his] scope of representation of Fannie Mae," he does not develop this argument. See State v. Blackmer, 149 N.H. 47, 49 (2003). Further, we fail to see how the issue of whether the defendant acted within or outside the scope of his representation of Fannie Mae is material to the question of his personal liability. See Blouin v. Sanborn, 155 N.H. 704, 706 (2007) (stating that agent may be liable for his own torts to a third person). Moreover, the plaintiff points to no evidence adduced at the hearing establishing the defendant's personal liability.

Under these circumstances, we conclude that the trial court's ruling that the defendant was not personally liable to the plaintiff is neither erroneous as a matter of law nor unsupported by the record. See Blagbrough, 155 N.H. at 33. In light of this conclusion, we need not address whether the trial court correctly applied RSA 540-A:3, VII. But compare Hill v. Dobrowolski, 125 N.H. 572, 576 (1984), with Fulton v. Allard's Moving & Storage, 139 N.H. 582, 584 (1995).

We next address whether the trial court erred by not allowing the plaintiff to amend his complaint. The plaintiff relies upon ERG, Inc. v. Barnes, 137 N.H. 186 (1993), which addressed amendment of a complaint following a dismissal for failure to state a cause of action. ERG, 137 N.H. at 189; Pesaturo v. Kinne, 161 N.H. 550, 556 (2011). However, in this case, the trial court dismissed the case following an evidentiary hearing. See Renovest Co. v. Hodges Development Corp., 135 N.H. 72, 76-78 (1991) (distinguishing dismissal based upon prima facie standard, like dismissal for failure to state a claim, from dismissal following a bench trial based upon plaintiff's failure to meet the burden of proof). Because the trial court dismissed the plaintiff's claim for damages based upon findings of fact following an evidentiary hearing, and not based upon the sufficiency of the pleadings alone, we conclude that ERG did not apply. See id. at 77.

Moreover, to the extent the plaintiff argues that RSA 514:9 entitled him to amend his complaint, the record does not reflect that he provided his proposed amendments to the trial court. Under these circumstances, we cannot conclude that the trial court unsustainably exercised its discretion by denying his request to amend his complaint in his motion to reconsider. See Lamprey v. Britton Constr., 163 N.H. 252, 261 (2012) (stating trial court decision on motion to amend reviewed for unsustainable exercise of discretion); Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating appealing party has burden to supply record sufficient to decide issues on appeal).

Finally, to the extent that the plaintiff argues that the trial court erred by not allowing him to engage in discovery, that his due process rights were violated, or that Fannie Mae's writ of possession had "expired," the record does not reflect that he raised these issues in the trial court. See Bean, 151 N.H. at 250; see also

2

<u>Kurowski v. Town of Chester</u>, 170 N.H. ___, ___ (decided Sept. 21, 2017) (stating pretrial discovery not designed to afford plaintiff opportunity to cure complaint).

Any remaining issues raised by the plaintiff in his brief are either not sufficiently developed, <u>see</u> <u>Blackmer</u>, 149 N.H. at 49, or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**